Dickey *v*. Dickey.

[Monroe General Term, March 2, 1863. Johnson, J. C. Smith and Welles, Justices.]

---

WILLIAM DICKEY and A. J. LAWRENCE *vs.* ERASTUS DICKEY.

Where a tenant for life of real and personal estate sells a part of the personal property, receives the money therefor, and loans the same, devisees in remainder cannot sue for the money, after the death of the tenant for life; there being no privity between them and the borrower.

APPEAL from a judgment of the county court of Steuben county, affirming the judgment of a justice of the peace, in favor of the plaintiff, for $58.67, damages and costs.

*G. H. McMaster*, for the appellants,

*F. C. Dininny*, for the respondent.

Dickey *v.* Dickey.

*By the Court,* WELLES, J. The case before the justice was this: Mathew Dickey of the town of Cameron, Steuben county, died in the month of April, 1856, leaving his last will and testament bearing date March 22d of the same year, by which he gave and devised to his wife, Ruth Dickey, all his estate real and personal, to have and to hold the same during her natural life, subject to the provision therein made in favor of his daughter, Harriet M. Dickey. He gave to his daughter Harriet, during her life, a certain room in his dwelling house, and provided for her support during her life. He gave legacies to three other daughters named, of $30 each. To his son, Samuel Dickey, he gave a legacy of $150. He devised to his son, Amasa Dickey, $10\frac{76}{100}$ acres, and to his son Erastus Dickey, the defendant, ten acres of land, both subject to the life estate before devised to his wife. He gave and devised all the residue and remainder of his real and personal estate to his son William Dickey, and his grandson William B. Lawrence, to be divided equally between them, share and share alike, subject to the life estate given to his wife, and subject also to the provisions made in favor of his daughter Harriet. The legacies mentioned were expressly charged and made liens upon the devise and bequest to his son William and his grandson William B. Lawrence. The testator appointed Jonas Scott executor of his will. The will was duly admitted to probate, but no letters testamentary or of administration have been issued to any one. Immediately upon the death of the said Mathew Dickey, his widow, the said Ruth Dickey, went into possession of the testator's estate, real and personal, and remained so in possession until her death, which happened on the 11th day of June, 1858. Sometime after the death of Mathew Dickey, and before the death of his widow Ruth Dickey the plaintiff, William Dickey sold for his mother, the said Ruth, one cow, one pair of steers, two other cows and two other steers of the property which she had received under the will of her late husband, for the aggregate sum of $215. William

Dickey *v.* Dickey.

Dickey got the money for all this, except a note of $100, which his mother received. The case does not show the time when this sale took place; nor whether the note mentioned was ever paid; nor whom it was against, or where payable; nor whether it was collectible. A witness for the plaintiffs testified that about a year before the trial, which was June 14th, 1860, the defendant said he had $50 of Ruth Dickey, and he would not pay it until the law directed him a way to pay it; that he did not know who it belonged to. On the 10th of October, 1857, William B. Lawrence sold his right and title to the property mentioned in the will of Mathew Dickey, to his brother Andrew J. Lawrence, one of the plaintiffs.

The action was brought upon the theory that if the money borrowed by the defendant of Ruth Dickey was part of the proceeds of the property sold for her by William Dickey, such money, at her death, belonged to the plaintiffs under the will of Mathew Dickey, and they have the right to follow it into the hands of the defendant and recover the same in this action. There are several answers to this claim of the plaintiffs.

1st. The evidence relied upon to prove that the money which the defendant had received of his mother, Ruth Dickey, was part of the proceeds of the sale of the property received by her under the will of Mathew Dickey was entirely insufficient to justify the conclusion that it was any part of such proceeds. All that it proves is that at some time the defendant had received $50 of Ruth Dickey, his mother. There is nothing whatever in the evidence to connect this money with the property sold or its proceeds. The presumption that it was a part of such proceeds would be forced and unwarrantable. She was in possession of all her late husband's estate, real as well as personal, and the probability that the money she advanced to her son was received by her from other sources is quite as strong as that it was a portion of the proceeds of the property sold. It does not ap-

Dickey *v.* Dickey.

pear that there were any incumbrances upon the life estate she received under the will, except the provision made in favor of her daughter Harriet. The devises in the will of real estate, as well as all the legacies, were subject to her life estate. She lived over two years after the death of her husband, and might well have accumulated beyond her expenses much more than this $50. It is true it might have been such proceeds. But it is not proved to have been.

2d. Assuming that it was a part of the proceeds of such sale—that the note which she received had been paid to her—the evidence clearly shows that William Dickey, one of the plaintiffs, sold the property for her, and took $115 in money, part of the proceeds, and the balance, $100, which was a note, she received. It does not appear that she got the note tortiously, and the presumption is she received it with the consent of William, who was the active agent in the transaction; and he is not, as I think, at liberty to repudiate it. She was entitled to the use, during her life, of all the property sold, as well as all the rest of the estate of her deceased husband. The property sold was live stock on the farm, liable to various casualties, and it may well have been that the note of one hundred dollars was regarded by William and his mother as her just portion of the whole proceeds of the sale. Her age does not appear, but, assuming it to have been 70 years, she may have had a reasonable expectation of life of sufficient duration for the property to have very much deteriorated in value, by ordinary use, before the plaintiffs would have been entitled to its possession.

3d. The utmost the evidence shows against the defendant is that he is a debtor to the estate of his mother, Ruth Dickey, in the sum of fifty dollars, and interest from the time he received the money. There is no privity between him and the plaintiffs—no contract, express or implied, between them. He is liable to the legal representatives of his mother, and to no one else. The plaintiffs cannot employ

the instrumentality of a court of law to reach this money, even upon their own theory.

The judgment of the county court, and that of the justice, should be reversed.